IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY TOLIVER, # R-23669, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-01064-NJR |
| | ) |
| C/O OLMSTED, | ) |
| LT. JORDAN, | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Anthony Toliver, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action *pro se* for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Specifically, Plaintiff claims that he was deprived of adequate medical care for Bell's palsy during his incarceration at Pinckneyville Correctional Center ("Pinckneyville") in 2013 (Doc. 1, pp. 5-7). Plaintiff now sues three Pinckneyville officials for exhibiting deliberate indifference to his medical needs in violation of the Eighth Amendment. These officials include Defendants Olmsted (correctional officer), Jordan (lieutenant), and Doe (unidentified male nurse). Plaintiff seeks declaratory judgment and monetary damages (Doc. 1, p. 8).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). When reviewing the allegations in light of this standard, the Court finds that the complaint survives preliminary review under Section 1915A.

## The Complaint

According to the complaint, Plaintiff suffers from Bell's palsy (Doc. 1, p. 5). While incarcerated at Pinckneyville, he began experiencing swelling and severe pain on the left side of his face on July 18, 2013. The same day, Defendant Doe provided Plaintiff with pain

medication, but it was ineffective. Late that night, Plaintiff informed Defendant Olmsted that he was diagnosed with Bell's palsy and continued to suffer from severe pain. He asked to see a medical professional immediately. In response, Defendant Olmsted said, "It's just a headache" (Doc. 1, p. 6). Throughout the night, Plaintiff pushed the emergency button in his cell, with no response.

The following morning, Plaintiff approached Defendant Jordan in the chow hall. Plaintiff told her that he was suffering from "constant" pain, and he requested immediate medical attention. Defendant Jordan indicated that she was aware of his condition, and medical staff would not see him until he filled out another sick call slip. She warned Plaintiff that he also would not see medical staff unless he was dying. When Plaintiff repeated his request for immediate medical attention for his "unbearable" pain, Defendant Jordan told him to stop complaining or he would be sent to segregation. Plaintiff did not meet with medical staff until one week later, on July 25, 2013.

Plaintiff now sues Defendants Olmsted, Jordan, and Doe for depriving him of adequate medical care for his Bell's palsy, in violation of the Eighth Amendment. As a result of the inadequate treatment, he suffered from unnecessary pain for a week. He seeks declaratory judgment and monetary damages (Doc. 1, p. 8).

## Discussion

The complaint states a colorable Eighth Amendment medical needs claim (**Count 1**) against Defendants Olmsted, Jordan, and Doe. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006)

(*per curiam*).  To state a claim, a plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The complaint suggests that Plaintiff suffered from an objectively serious medical condition, *i.e.*, Bell's palsy.  This condition caused Plaintiff to experience allegedly intolerable pain.  A condition that results in further significant injury or unnecessary and wanton infliction of pain if left untreated can be serious, even if it is not life threatening.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  The complaint suggests that Plaintiff's condition, which involved facial swelling and pain from July 18-25, 2013, was objectively serious.

The complaint also suggests that Defendants responded to Plaintiff's complaints of pain with deliberate indifference.  Defendant Doe met with Plaintiff and prescribed him pain medication but, according to the complaint, allegedly ignored his subsequent complaints of pain for a week.  Defendant Olmsted allegedly refused to provide Plaintiff with any form of pain relief, even after Plaintiff made him aware of the severity of his pain and ineffectiveness of his pain relievers.  Finally, Defendant Jordan responded to Plaintiff's request for immediate medical attention by threatening him with segregation for complaining; she also told him that he would not see medical staff unless he was dying.  *See Brown v. Darnold*, 505 Fed. Appx.  584, *3 (7th Cir. 2013) ("A deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation.").  At this early stage, the complaint states sufficient allegations to support a deliberate indifference claim against Defendants.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Doe, Olmsted, and Jordan.

**Identification of Unknown Defendant**

Plaintiff shall be allowed to proceed with Count 1 against Defendant John Doe (unknown male nurse). But this party must be identified with particularity before service of the complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying this party will be set by the United States Magistrate Judge, so that Plaintiff can amend the complaint to include all references to the defendant.

**Disposition**

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS C/O OLMSTED** and **LT. JORDAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant John Doe until such time as Plaintiff has identified this defendant by name in a properly filed amended complaint, which includes

identifying this defendant in the caption and inserting the individual's name, where applicable, throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including discovery aimed at identifying Defendant John Doe. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: October 27, 2014

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**